# Exhibit 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
05/28/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

| | |
|---|---|
| Barkley and Associates, Inc., | Case No. 2:24-cv-03645-MEMF-PVC Plaintiff, v. Aym |

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

[Fed. R. Civ. P. 12(b)(2)]

Honorable Maame Ewusi-Mensah Frimpong

NOTICE OF MOTION AND MOTION

TO THE COURT AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Ayman Asayed, Zeyad Asayed, and ICEBERG LLC hereby move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. This motion is based on the following memorandum of points and authorities, the pleadings on file, and any oral argument permitted by the Court.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff Barkley and Associates, Inc. filed this action in the Central District of California against Defendants who have no meaningful ties to California. Defendant Ayman Asayed is a resident of Michigan. Defendant Zeyad Asayed is a resident of Germany. Defendant ICEBERG LLC is a

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Michigan limited liability company that has been out of business since 2018 and has had no operations or activity online or otherwise since that time.

While some Defendants may have engaged in limited reselling activity over seven years ago, that activity involved only lawfully acquired goods from platforms such as Amazon and eBay and did not target California consumers. None of the Defendants have maintained any online selling accounts or conducted e-commerce business of any kind in at least the past seven years.

Plaintiff presents no credible evidence that any infringing acts were directed at or occurred within California. Plaintiff's claim that the Defendants are currently engaged in the sale of its copyrighted material which apparently was officially registered in August and September of 2023 is not only false but wholly without merit.

None of the Defendants have offices, property, or operations in California. Plaintiff's reliance on vague and speculative theories of online sales fails to meet the threshold for personal jurisdiction. Additionally, Plaintiff appears to misunderstand the dynamics of online marketplaces like Amazon. Product listings are shared among multiple sellers, and Amazon frequently changes product titles without removing existing reviews. As a result, reviews often remain attached to a listing even as different sellers come and go. Unless a review specifically names a seller, one cannot reasonably infer that any particular seller-especially one with no connection to California-was involved in a transaction. Accordingly, the Complaint should be dismissed for lack of personal jurisdiction.

II. LEGAL STANDARD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Under Federal Rule of Civil Procedure 12(b)(2), a court must dismiss an action where it lacks personal jurisdiction over a defendant. The burden lies with the plaintiff to establish that such jurisdiction exists. To do so, the plaintiff must show that the defendant has "minimum contacts" with the forum state such that exercising jurisdiction would not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). General or speculative references to internet activity are insufficient without a clear, targeted connection to the forum state.

III. ARGUMENT

A. Defendant Ayman Asayed Has No Contacts with California

Ayman Asayed is a Michigan resident. He has not engaged in any online selling activity for more than seven years, and his past activity involved only lawful resale of goods originally purchased through Amazon or eBay. He has never knowingly sold products to customers in California and has no physical presence, employees, business operations, or property in the state. Plaintiff has failed to establish that any of Mr. Asayed's conduct had any nexus to California.

B. Defendant Zeyad Asayed Is a Foreign Resident with No U.S. Activity

Zeyad Asayed is a resident of Germany. He has never sold goods online and has never conducted business in the United States. Plaintiff's attempt to involve Mr. Zeyad Asayed in this action is unsupported by any factual allegations or evidence and is without legal basis.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

C. ICEBERG LLC Has Been Inactive Since 2018

ICEBERG LLC is a Michigan entity that has been defunct since 2018. It has conducted no business, online or otherwise, for over six years. Plaintiff presents no plausible reason for including this inactive entity in the lawsuit, let alone any justification for jurisdiction in California.

D. Exercising Jurisdiction Would Be Unreasonable

None of the Defendants have any purposeful or directed contact with California. Subjecting them to litigation in this forum would violate due process and impose an undue burden, especially on a foreign resident and a long-defunct entity. Plaintiff's claims do not satisfy the standards for specific or general jurisdiction under controlling precedent.

IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action in its entirety for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

Dated: May 27, 2025

Ayman Asayed

Defendant, Pro Se

6693 Maple Lakes Dr

West Bloomfield, MI 48322

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

(248) 979-6041

ICEBERG LLC

By: Ayman Asayed, Member/Manager